IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PETER PEDERSEN, <br><br> Plaintiff, <br><br> v. <br><br> ZIFF DAVIS, INC., <br><br> Defendant | Civil Action No. 6:22-cv-00597 <br><br> Judge Alan D. Albright <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Peter Pedersen ("Pedersen" or "Plaintiff"), files this Complaint for Patent Infringement against Ziff Davis, Inc. ("Ziff Davis" or "Defendant"), and would respectfully show the Court as follows:

### PARTIES

1. Plaintiff is a citizen of Denmark having an address located at Gammel Hareskovvej 285, 3500 Værløse, Denmark.

2. On information and belief, Defendant is a Delaware corporation with a principal address of 114 5th Avenue, 15th Floor, New York, New York 10011 and has regular and established places of business throughout this District, including at least at 301 Congress Avenue, Suite 700, Austin, TX 78701; 7801 N. Capital of Texas Hwy, Suite 300, Austin, TX 78731; and 4630 North Loop 1604 West, Suite 401, San Antonio, TX. *See* https://www.ziffdavis.com/locations. Defendant is registered to do business in Texas and has may be served via its registered agent at National Registered Agents, located at 350 N. St. Paul Street Suite 2900, Dallas, TX 75201.

1

3. On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Western District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

## JURISDICTION

4. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5. This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

6. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

7. Defendant has committed acts of infringing the patent-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patent-in-suit, including without limitation products made by practicing the claimed methods of the patent-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other

persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

8. This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Western District of Texas. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at 301 Congress Avenue, Suite 700, Austin, TX 78701, and directly and through agents regularly does, solicits, and transacts business in the Western District of Texas. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the patent-in-suit. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

9. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising with this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

10. The amount in controversy exceeds $75,000 exclusive of interests and costs.

11. Venue is proper in this Court under 28 U.S.C. §1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least at 301 Congress Avenue, Suite 700, Austin, TX 78701.

## THE PATENT-IN-SUIT

12. On November 15, 2005, United States Patent No. 6,965,920 ("the '920 Patent"), entitled "Profile Responsive Electronic Message Management System" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '920 Patent claims patent-eligible subject matter and is valid and enforceable. Pedersen is the exclusive owner by assignment of all rights, title, and interest in the '920 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '920 Patent. Defendant is not licensed to the '920 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '920 patent whatsoever. A true and correct copy of the '920 Patent is attached hereto as **Exhibit A**.

13. The '920 Patent is referred to herein as the "patent-in-suit."

14. Plaintiff Pedersen is the owner of the entire right, title, and interest in and to the patent-in-suit. The patent-in-suit is presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

15. The term "Accused Instrumentalities" or "Accused Products" refers to, by way of example and without limitation, Ziff Davis' iContact email marketing platform (*see e.g.*, https://www.ziffdavis.com/brands/martech/icontact).

## COUNT I
## PATENT INFRINGEMENT OF THE '920 PATENT

16. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

17. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '920 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

18. Defendant provides information and technical support to its users, including product manuals, brochures, videos, demonstrations, and website materials encouraging its users to purchase and instructing them to use Defendant's Accused Products (which are acts of direct infringement of the '920 Patent).

19. On information and belief, Defendant has made no attempt to design around the claims of the '920 Patent.

20. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '920 Patent were invalid.

21. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

22. Pedersen has been damaged as the result of Defendant's infringement.

23.     Defendant has caused and will continue to cause Pedersen injury and damage by infringing one or more claims of the '920 Patent.

24.     The claim chart attached hereto as **Exhibit B** describes how the elements of an exemplary claim 1 from the '920 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim.  Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pedersen respectfully requests the following relief:

A.     A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the patent-in-suit;

B.     A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284 including past damages based on, *inter alia*, any necessary compliance with 35 U.S.C. §287, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

C.     A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

D.     A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

E.     A judgment and order awarding a compulsory ongoing royalty;

F.     A judgment and order awarding Plaintiff costs associated with bringing this action;

G.     Such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff Pedersen hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**Ramey LLP**

William P. Ramey, III
Texas State Bar No. 24027643
Donald Trey Mahoney
Texas State Bar No.
Kyril Talanov
Texas State Bar No.
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com
tmahoney@rameyfirm.com
ktalanov@rameyfirm.com

*Attorneys for Pete Pedersen*