IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **PETER PEDERSEN**<br><br>    Plaintiff,<br><br>v.<br><br>ZIFF DAVIS, INC.,<br>    Defendant. | Civil Action No. 6:22-cv-00597-ADA<br><br>JURY TRIAL DEMANDED |
| **PETER PEDERSEN,**<br><br>    Plaintiff,<br><br>v.<br><br>INTUIT, INC.,<br>    Defendant. | Civil Action No. 6:22-cv-00588-ADA<br><br>JURY TRIAL DEMANDED |
| **PETER PEDERSEN,**<br><br>    Plaintiff,<br><br>v.<br><br>UPLAND SOFTWARE, INC.,<br>    Defendant. | Civil Action No. 6:22-cv-00594-ADA<br><br>JURY TRIAL DEMANDED |
| **PETER PEDERSEN,**<br><br>    Plaintiff,<br><br>v.<br><br>MONDAY.COM, INC.,<br>    Defendant. | Civil Action No. 6:22-cv-00923-ADA<br><br>JURY TRIAL DEMANDED |

**RESPONSE TO DEFENDANTS' ZIFF DAVIS INC., INTUIT INC., UPLAND SOFTWARE, INC, AND MONDAY.COM INC.'S JOINT OPPOSED MOTION TO STAY PROCEEDINGS PENDING *INTER PARTES* REVIEW**

1

I.  INTRODUCTION

Plaintiff Peter Pedersen ("Plaintiff" or "Pedersen") files this Response in opposition to Defendants' Ziff Davis Inc., Intuit Inc., Upland Software, Inc., and Monday.com, Inc. (collectively, "Defendants") Joint Opposed Motion to Stay Proceedings Pending *Inter Partes* Review ("Motion to Stay" or "Defendants' Motion").[1]

Importantly, Defendants' Motion should be denied because Defendants have failed to show how either of the three alleged IPR petitions will simplify the issues in the case. The **sole** IPR trial that has so far been instituted by a third party other than either of the four Defendants does not include all the claims of the '920 Patent asserted against each Defendant.[2] In fact, the IPR trial was instituted on only five (5) of the fifteen (15) claims of the '920 Patent asserted against each Defendant.[3] Thus, regardless of the outcome of the IPR trial, ten (10) claims of the '920 Patent will still have to be litigated in front of this Court in each of the four above-captioned cases. And even with respect to the five patent claims that are in the IPR trial, neither Defendant is a party to the IPR and has not agreed to be fully estopped from re-alleging the same prior art or rehashing the same invalidity arguments. As to the remaining two IPR petitions filed by Oracle and Adobe, Defendants admit that PTAB has not yet issued institution decisions (Op. Br. at 5), and thus

---

[1] *Pedersen v. Ziff Davis, Inc.*, Civ. No. 6:22-cv-00597-ADA-DTG (W.D. Tex.) (Doc. No. 16); *Pedersen v. Intuit, Inc.*, Civ. No. 6:22-cv-00588-ADA-DTG (W.D. Tex.) (Doc. No. 25); *Pedersen v. Upland Software, Inc.*, Civ. No. 6:22-cv-00594-ADA-DTG (W.D. Tex.) (Doc. No. 11); *Pedersen v. Monday.com, Inc.*, Civ. No. 6:22-cv-00923-ADA-DTG (W.D. Tex.) (Doc. No. 11).
[2] **Exh. A**, 2023-05-15 Unified Patents IPR Pet. No. 20203-00029, Institution Decision only on claims 1 and 14-17 of the '920 Patent. By contrast, Plaintiff Pedersen is asserting claims 1-11 and 14-17 of the '920 Patent in its infringement contentions against each of the four Defendants.
[3] *Id.*

Defendants arguments that these petitions could simplify issues in the case are entirely speculative and premature at this time.[4]

Additionally, a stay would run counter to the Federal Circuit's policy in favor of expeditious resolution of cases, prejudicing Pedersen's recognized interest in timely enforcement of his patent rights. Three of the four cases have been pending for over a year, and Pedersen has expended substantial resources to prepare and serve its infringement contentions on each Defendant, as well as respond to Intuit's Rule 12(b)(6) and 12(b)(3) motions to dismiss.[5] Finally, Defendants' allegations of dilatory conduct by Pedersen are unfounded because, pursuant to the Court's rules, the parties could not have filed a CRSR until the last Defendant in the CRSR Related Cases, Ziff Davis, has responded to the initial pleadings, which did not occur until less than two weeks ago.[6] Accordingly, Pedersen requests that the Court deny Defendants' Motion.

## II.   LEGAL STANDARD

A decision whether to stay a case is within the sound discretion of the Court. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-CV-00207-ADA, 2019 U.S. Dist. LEXIS 236670, at *1 (W.D. Tex. May 30, 2019). "[T]here is no *per se* rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *Realtime Data,*

---

[4] **Exh. B**, 2023-04-23 Oracle IPR Pet. No. 20203-00867, Petition for Review of claims 1-11 and 14-18 of the '920 Patent; **Exh. C**, 2023-06-01 Adobe IPR Pet. No. 20203-00986, Petition for Review of claims 1-11 and 14-18 of the '920 Patent.

[5] *See Pedersen v. Intuit, Inc.*, Civ. No. 6:22-cv-00588-ADA-DTG (W.D. Tex.) (Defendant's Motion to Dismiss, Doc. No. 14; Pedersen's Response, Doc. Nos. 17 and 18); *Pedersen v. Ziff Davis, Inc.*, Civ. No. 6:22-cv-00597-ADA-DTG (W.D. Tex.) (Defendant's Motion to Dismiss, Doc. No. 14; no response yet due).

[6] *See* Standing Order Regarding Notice of Readiness for Patent Cases at p. 1, stating that CRSR may only be filed within 7 days <u>after</u> the last Defendant in the CRSR Related Cases responds to the initial pleadings. Here, Defendant Ziff Davis, Inc. did not file a first responsive pleading until June 15, 2023. (*See* Defendant's Rule 12(b)(6) Motion to Dismiss, Doc. No. 14).

3

*LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961 RWS-JDL, 2017 U.S. Dist. LEXIS 27421, at *6 (E.D. Tex. Feb. 27, 2017) (quotation and citation omitted).

This Court typically considers three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Kirsch Research & Dev., LLC v. Tarco Specialty Prods.*, No. 5:20-cv-00318-ADA, 2021 U.S. Dist. LEXIS 191689, at *4-5 (W.D. Tex. Oct. 4, 2021) (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 U.S. Dist. LEXIS 29573, at *1 (E.D. Tex. Mar. 11, 2015) (Bryson, J.)). "The party seeking a stay bears the burden of showing that a stay is appropriate." *Mimedx Grp., Inc. v. Tissue Transplant Tech., Ltd.*, No. SA-14-CA-719, 2015 U.S. Dist. LEXIS 33388, at *4 (W.D. Tex. Jan. 5, 2015).

Each of the three factors weighs against a stay here.

### III.   ARGUMENT

#### A. Defendants' Proposed Stay Will Cause Pedersen Undue Prejudice

A stay at this stage of the proceeding would unduly prejudice Pedersen. The proposed stay would be highly prejudicial to Pedersen because of Pedersen's undeniable interest in the timely enforcement of its patent rights. *See USC IP P'ship, L.P.*, No. 6:20-CV-00555-ADA, 2021 U.S. Dist. LEXIS 249095, at *4 (W.D. Tex. Aug. 5, 2021) ("A patent holder has an interest in the timely enforcement of its patent right."). A patent owner's interest in the timely enforcement of its patent rights is a factor when considering a stay, even when the patent owner has not sought preliminary injunctive relief. *See id.* (citing *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 U.S. Dist. LEXIS

4

33388, at *4 (W.D. Tex. Jan. 5, 2015) and *Intellectual Ventures I LLC v. T Mobile USA, Inc., et al.*, No. 2:17-cv-00577-JRG, 2018 U.S. Dist. LEXIS 239587, at *6 (E.D. Tex. Dec. 13, 2018) ("It is well established that Plaintiff's timely enforcement of its patent rights is entitled to some weight, even if that factor is not dispositive)).

Moreover, Defendants' allegations of dilatory conduct by Pedersen are misleading and unfounded. With respect to the three CRSR Related Cases against Ziff Davis, Intuit, and Upland, Pedersen could not have prosecuted either of these cases because, under the Court's rules, the parties could not have filed the CRSR until the last of the Defendants, Ziff Davis, filed a response to Pedersen's initial pleadings.[7] Here, Pedersen agreed to consolidate the case against Ziff Davis with another case against J2 Global (a company which Ziff informed Pedersen it acquired <u>after</u> the initial pleadings were separately filed against each), which required filing an Amended Complaint.[8] Further, Pedersen granted Ziff Davis' request for extension to file its responsive pleading until June 15, 2023.[9]

Likewise, in the Monday.com case, Pedersen has repeatedly reached out to Defendant's counsel multiple times as early as January 6, 2023 in an attempt to enter a joint CRSR, but Monday.com has refused.[10] Thus, to the extent there was any lack of diligence, it is attributed to both parties, not just to Pedersen.

---

[7] *See* Standing Order Regarding Notice of Readiness for Patent Cases at p. 1.
[8] *Pedersen v. Ziff Davis, Inc.*, Civ. No. 6:22-cv-00597-ADA-DTG (W.D. Tex.) (Plaintiff's Amended Complaint, Doc. No. 12).
[9] *Pedersen v. Ziff Davis, Inc.*, Civ. No. 6:22-cv-00597-ADA-DTG (W.D. Tex.) (Notice of Unopposed Extension of Time to File Answer or Otherwise Respond to Complaint, Doc. No. 13).
[10] **Exh. D**, 2023-06-21 Bernell to Bias Email Chain re CRSR.

Sidelining Pedersen's infringement claims for an indefinite period, including the speculative IPR trials that have not yet even been (and may never be) instituted on Adobe's and Oracle's petitions, and the potential added time for any party's appeal of the Board's final written decisions, would prejudicially delay the resolution of Pedersen's claim.

Thus, this factor weighs against the proposed stay.

### B. Stage of the Proceeding of The Current Litigation

Contrary to Defendants assertions, Pedersen has expended significant resources on this case. The cases against Ziff Davis, Intuit, and Upland have all been pending for over a year, since June 6, 2022. Likewise, the case against Monday.com has been pending for over nine months since September 8, 2022. Pedersen has expanded substantial resources on served each Defendant with preliminary infringement contentions in each of the four cases and on responding to Intuit's 12(b)(6) and 12(b)(3) Motions to Dismiss. More importantly, Intuit's Motion to Dismiss is fully briefed, which means that the Court may have already expanded its resources reviewing the parties' briefing.

This factor therefore also weights against the proposed stay.

### C. Simplification of Issues

On the third and most important factor, Defendants have failed to show the Court that either of the three alleged IPR petitions will simplify the issues in the case. Acknowledging that the Unified Patents' IPR - the **only** IPR petition on which PTAB has so far instituted a trial – only covers a small portion of all the patent claims of the '920 Patent asserted in each case, Defendants conveniently attempt to conflate it with the Oracle and Adobe IPR petitions which are still in infant stages with no institution decisions yet made. As such, Defendants' argument

that there is a "high likelihood" that these petitions will simplify the issues in the case and promote efficiency are highly speculative and improper at this time. For this reason, Pedersen addresses the impact of the Unified Patent IPR trial separately from the freshly-filed Adobe and Oracle IPR petitions below.

### 1) Unified Patents IPR Trial Does Not Cover All Claims

First and foremost, the Unified Patents IPR Trial has been instituted on only five (5) patents claims (Nos. 1 and 14-17), whereas Pedersen is asserting fifteen (15) patent claims against each Defendant in each of the four above-captioned cases. Thus, even in the best possible outcome for Defendants, the IPR trial will certainly not resolve all the issues in the case. At best, the Unified Patents IPR trial has the potential to invalidate five out of fifteen asserted claims. This Court will still need to litigate the remaining ten of the fifteen claims and all the related issued upon the completion of the IPR trial.

Even worse, it is likely that the PTAB will not invalidate all five claims of the '920 Patent during the IPR trial. The fact that the PTAB instituted is not an extraordinary occurrence. *See SAS Institute, Inc. v. Iancu*, 2018 U.S. LEXIS 2629 (2018). Indeed, this Court has recognized that in another IPR Institution Decision that "[t]he Institution Decision's conclusory statements regarding all the other claims read more like fidelity to the strictures of *SAS Institute, Inc. v. Iancu*, 2018 U.S. LEXIS 2629 (2018), than a strong indictment of the claims' validity." *Sonrai Memory Limited, v. LG Electronics Inc.*, No. 6:21-cv-00168-ADA, 2022 U.S. Dist. LEXIS 112733, n.3 (W.D. Tex. Jun. 27, 2022). Here, the Board's institution decisions do nothing more than find that the minimum standard for institution—"reasonable likelihood of success"—was met. *See* 35 U.S.C. § 314(a). In other words, the merits of the instituted petitions of invalidity are just a 50/50 proposition—neither result more likely than the other. Moreover, the

Board's institution decisions do not give rise to any "per se rule" that Pedersen's infringement claims should be stayed simply because there is a possibility the claims in the IPR trial may be affected. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)**.**

Furthermore, either party to the IPR trial may appeal the PTAB's decision, which will inevitably add more time before this Court can get back to litigating the inevitably remaining patent claims. This consideration also weighs against a stay.

Yet another glaring issue weighing heavily against a stay is that neither of the four Defendants are parties to any of the IPR petitions filed against the '920 Patent. Nor has any defendant stated that it agrees to be bound by full IPR estoppel. Accordingly, none of the four Defendants would be estopped from (a) re-asserting any prior art asserted in the IPR trial, (b) rehashing any of the invalidity arguments raised in the IPR trial, or (c) raising any additional prior art or arguments that were not, but could have been, raised in the currently-pending IPRs. Defendants understandably want to have their cake and eat it too, which means that this Court will have to waste its resourced by having to re-litigate many, if not all, of the same infringement, validity, and claim construction issued with respect to at least two-thirds of the asserted claims after the IPR trial is over.

### 2) Impact of Newly-Filed Oracle and Adobe IPR Petitions Is Speculative At Best

Despite Defendants' argument that these infant IPR petitions are "highly likely" to simplify the issues in this case, their impact, if any is pure conjecture at this point. Indeed, Defendants admit that the IPR trial institution decision is anticipated in October 2023 for the Oracle petition and in December 2023 for the Adobe petition.[11] (Op. Br. at 5). Defendants further admit

---

[11] Op. Br. at 5.

that, even if such IPR trials are instituted, the Oracle and Adobe final written PTAB decisions may not be issued until after the anticipated trial in this litigation.[12]

Relying on a ruling from a foreign district court, Defendant urges this Court to institute "a short stay of proceedings" and that such a stay "will not unduly prejudice" Pedersen.[13] But Defendants' reliance is misplaced because, unlike the IPR petitions filed by unrelated third parties, Unified Patents, Oracle, and Adobe in this litigation, the litigation defendant *Blephex* was the party that filed the IPR petition, and thus was subject to full IPR estoppel.[14] Indeed, the Northern District of Texas court in Blephex based its ruling that a stay "may simplify issues in the case" based on the conclusion that the defendant that filed the IPR would be estopped from "asserting any arguments it raised or reasonably could have raised in the IPR."[15] This is simply not the case here.

Likewise, Defendant's reliance on the *Nobots* case is also misplaced, because in the present litigation none of the Defendants are parties to the IPR; nor are all the asserted claims part of the IPR trial.[16]

A stay based on the Oracle and Adobe IPR petitions is premature and inappropriate at this time. Instead of asking the Court for "a short stay," Defendants should have waited to file their Motion until <u>after</u> the PTAB issues institution (or non-institution) decisions with respect to the Oracle and Adobe IPRs in October and December 2023 respectively.

---

[12] *Id.*
[13] Op. Br. at 10 (citing *Blephex LLC v. Plain Point Med. Sys., Inc.*, No. 3:16-cv-0410, 2016 WL 7839343, at *1-2 (N.D. Tex. Nov. 3, 2016).
[14] *Id.* at *1.
[15] *Id.* at *2.
[16] Op. Br. at 10 (citing *Nobots, LLC v. Google, LLC*, No. 1:22-cv-585-RP, D.I. 53, slip op. at 2 (W.D. Tex. July 13, 2022).

The Court should deny Defendants' petition as premature and inappropriate at this time based on the third factor because Defendants have not demonstrated simplification of issues. The Unified Patents IPR trial only covers one-third of the asserted claims and provides no estoppel, whereas the Oracle and Adobe IPR petitions have not yet been instituted, and their impact, if any, on this litigation is therefore entirely speculative.

## IV.  CONCLUSION

For the foregoing reasons, Pedersen respectfully requests that the Court deny Defendants' Motion for Stay.

Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for Peter Pederson***

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2023, a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

By: */s/ William P. Ramey, III*
William P. Ramey, III